[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15673
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00433-ELR-JSA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENIS MIGUEL PINEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 1, 2017)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Denis Pineda appeals his sentences for conspiracy to possess with intent to distribute methamphetamine and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 846, and multiple counts of distribution and possession with intent to distribute methamphetamine and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C).  He argues that the district court imposed a substantively unreasonable sentence.

We review the imposition of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The burden is on the party challenging the sentence to show that the sentence was unreasonable in light of the record and the § 3553(a) factors.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

A sentence may be substantively unreasonable if a district court unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, or based the sentence on impermissible factors.  *Pugh*, 515 F.3d at 1191-92.  The district court does not commit reversible error simply because it "attached great weight" to a single factor.  *Id.* at 1192.  The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  As such, the district court need not specifically address every mitigating factor raised by the defendant in order for the sentence to be substantively reasonable.  *United States v. Snipes*, 611 F.3d 855,

2

873 (11th Cir. 2010). Additionally, comparing the sentence imposed against the statutory maximum sentence is one indication of reasonableness. *United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006).

Pursuant to 18 U.S.C. § 3553(a), the sentencing court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the Sentencing Guidelines range; pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

The Supreme Court has recognized an expansive view of district courts' authority at sentencing, permitting courts "to vary from the crack cocaine Guidelines based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." *Kimbrough v. United States*, 552 U.S. 85, 91, 110 (2007). We recognized that "*Kimbrough* allows a district court to vary from the guidelines based solely on

3

its judgment that the policies behind the guidelines are wrong." *United States v. Irey*, 612 F.3d 1160, 1212 (11th Cir. 2010) (*en banc*).

The district court did not impose a substantively unreasonable sentence for several reasons.  First,  it did not unjustifiably rely on any one § 3553(a) factor when it relied on the need to deter and punish, based on Pineda's criminal history of a current parole violation for a methamphetamine conviction and Pineda's current offense involving the providing, selling, and access of large quantities of pure methamphetamine, on at least five occasions.  Second, it did not fail to consider pertinent § 3553(a) factors when it heard Pineda's policy argument regarding limited punishment for methamphetamine offenses and acknowledged its ability to go below the guidelines, but declined to do so.  And third, it did not base the sentence on impermissible factors when it was permitted to rely on the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to deter criminal conduct, the need to protect the public from further crimes of the defendant, and the applicable guideline range. Accordingly, we affirm.

**AFFIRMED.**

4